ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>RAMÓN A. MERCADO CAMACHO,<br><br>Peticionaria. | TA2025CE00709 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito.<br><br>Criminal núm.: B SC2025G0071 al 0072.<br><br>Sobre: Art. 404(a) de la *Ley de Sustancias Controladas*. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de enero de 2026.

En este recurso, la parte peticionaria, señor Ramón A. Mercado Camacho (señor Mercado), habiendo hecho una alegación de culpabilidad sobre la conducta delictiva imputada, impugna la *Sentencia* condenatoria impuesta por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Fundamenta su solicitud de revocación en que el Informe Pre-Sentencia (Informe) ordenado y tomado en consideración por el foro primario, no fue confeccionado por un "proveedor de servicios autorizado por la Administración de Servicios de Salud Mental y contra la Adicción (ASSMCA)", conforme exige el Art. 404(c) de la *Ley de Sustancias Controladas de Puerto Rico*[1], Ley Núm. 4 de 23 de junio de 1971, según enmendada, 24 LPRA sec. 2101-2608.

Adicionalmente, el señor Mercado plantea que el foro recurrido abusó de su discreción al otorgarle credibilidad al testimonio de la trabajadora social que preparó el Informe, y al no tomar en consideración la prueba presentada por la defensa durante la vista solicitada por esta para la impugnación del Informe.

---

[1] 24 LPRA sec. 2404(c).

El Ministerio Público, por conducto de la Oficina del Procurador General, presentó oportunamente su oposición a la expedición del recurso.

Evaluada la petición de *certiorari*, la transcripción de la vista oral celebrada el 1 de octubre de 2025, el alegato suplementario presentado por el peticionario, así como la oposición a la expedición del recurso presentada por el Ministerio Público, este Tribunal concluye que no le asiste la razón al señor Mercado, por lo que **deniega la expedición del auto**.

I

Transcurridos los trámites procesales penales de rigor, el señor Mercado hizo alegación de culpabilidad por dos violaciones al Art. 404(a) de la Ley de Sustancias Controladas, 24 LPRA sec. 2404(a)[2]. Dicha alegación fue realizada luego de un acuerdo con el Ministerio Público en el que se recomendaba que el señor Mercado fuera referido al procedimiento dispuesto en el Art. 404(c) del estatuto, 24 LPRA sec. 2404(c). Este inciso lee íntegramente como sigue:

.         .         .         .         .         .         .         .

**Antes de dictar sentencia a cualquier persona hallada culpable de violar el inciso (a) de esta sección, bien sea después de la celebración de un juicio o de hacer una alegación de culpabilidad, el tribunal, a solicitud de tal persona, ordenará a un proveedor de servicios autorizado por la Administración de Servicios de Salud Mental y contra la Adicción que la someta a un procedimiento evaluativo de naturaleza biosicosocial**, el cual será sufragado por dicha persona convicta, salvo que sea indigente. Dicho proveedor de servicios le rendirá un informe al tribunal dentro de los treinta (30) días siguientes a la orden. **El informe incluirá los antecedentes e historial de la persona convicta en relación al uso de sustancias controladas y los resultados de las pruebas, con sus recomendaciones. Si a base de dicho informe y del expediente del caso, el tribunal determina que la persona**

---

[2] El Art. 404(a) dispone en su parte pertinente que:

Será ilegal el que cualquier persona, a sabiendas o intencionalmente, posea alguna sustancia controlada, a menos que tal sustancia haya sido obtenida directamente o de conformidad con la receta u orden de un profesional actuando dentro del marco de su práctica profesional, o excepto como se autorice en el capítulo.

Toda persona que viole este inciso incurrirá en delito grave y convicta que fuere será castigada con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años.

.       .       .       .       .       .       .       .

> **convicta no representa un peligro para la sociedad, ni que es adicta a sustancias controladas al punto que necesite los servicios de un programa de rehabilitación, podrá, con el consentimiento del Ministerio Público, dictar resolución imponiéndole pena de multa no menor de mil dólares ($1,000), ni mayor de diez mil dólares ($10,000) y pena de prestación de servicios a la comunidad hasta un máximo de seis (6) meses**. Además, el tribunal ordenará al convicto que tome, a su costo, un curso de orientación preventiva contra el uso de sustancias controladas **en cualquier proveedor de servicio reconocido por la Administración de Servicios de Salud Mental y contra la Adicción**.
>
> .      .      .      .      .      .      .      .

(Énfasis nuestro).

Conforme le fuera ordenado, la trabajadora social, señora Gladylis Santiago Berríos, adscrita al Departamento de Corrección y Rehabilitación[3], rindió su Informe el 14 de agosto de 2025[4].

El 26 de septiembre de 2025, el señor Mercado presentó una moción para impugnar el Informe. En él, señaló varios errores o diferencias de criterio sobre el contenido del Informe; valga señalar que en ningún momento el peticionario impugnó las cualificaciones de la trabajadora social para confeccionar el Informe.

Luego de varios trámites, la vista para dictar sentencia y para la impugnación del Informe se celebró el 1 de octubre de 2025.

Conforme surge tanto de la *Minuta* de la vista, como de la TPO estipulada, el foro primario recibió los testimonios de la trabajadora socio-penal, señora Gladylis Santiago Berríos. Ella narró las entrevistas realizadas al peticionario, a los vecinos del peticionario, entre otros, y testificó sobre los pormenores de su informe. Además, detalló las razones por las cuales **no** recomendaba que el señor Mercado se beneficiara de las disposiciones del Art. 404(c); en síntesis: que el señor Mercado no aceptaba la comisión de los delitos imputados; no contaba con un plan de

---

[3] De la transcripción de la prueba oral (TPO) desfilada en la vista celebrada el 1 de octubre de 2025, surge que la trabajadora social declaró que ella era técnico socio-penal del Programa Comunidad Aibonito.

[4] El 4 de noviembre de 2025, y conforme fuera solicitado por el peticionario, ordenamos que se elevaran los **autos originales** de las causas criminales. Ello nos permitió examinar el original del Informe rendido por la trabajadora social.

vida; aparecía con una deuda significativa en ASUME; y había mentido durante el proceso de evaluación[5].

En la vista, también testificaron dos de los tres hijos del peticionario; a decir, sus hijas Alejandra Sofia Mercado Rivera y Karla Gabriela Mercado Rivera.

Culminado el desfile de prueba sobre la impugnación del Informe, el foro primario concluyó que el señor Mercado adolecía de mendacidad, lo cual resultaba incompatible con el proceso de rehabilitación. Inclusive, concluyó que los vecinos del peticionario le temían. Así pues, determinó que el señor Mercado no satisfacía los requisitos para aplicar el Art. 404(c), por lo que le impuso una sentencia de 2 años de cárcel[6].

Inconforme, el señor Mercado presentó este recurso el 31 de octubre de 2025. En él, le imputó al foro primario la comisión de dos errores. En primer lugar, que el proceso no se ajustó a derecho, pues la trabajadora social que rindió el informe no estaba certificada por la ASSMCA; el proceso fue uno *proforma*, y él albergaba una expectativa – fundada en el estatuto y en el acuerdo con el Ministerio Público – de que preservaría su libertad.

En segundo lugar, planteó que el foro primario había basado su sentencia en un testimonio "genérico y acomodaticio de la trabajadora social", mientras había obviado la prueba de la defensa. Por último, le atribuyó al juez sentenciador prejuicio durante el trámite[7].

Luego de presentada la TPO estipulada, el señor Mercado presentó un alegato suplementario. Por su parte, el Ministerio Público, por conducto

---

[5] La defensa del señor Mercado tuvo amplia oportunidad de contrainterrogar a la trabajadora social. **En ningún momento cuestionó o impugnó sus cualificaciones o su facultad, conforme a las guías de la Administración de Servicios de Salud Mental y contra la Adicción (ASSMCA) y conforme a las disposiciones del Art. 404(c) de la Ley de Sustancias Controladas, 24 LPRA sec. 2404(c), para rendir el Informe**.

[6] Dos cargos por infracción al Art. 404(a) de la Ley de Sustancias Controladas, a dos años por cada cargo, concurrentes entre sí.

[7] Con relación a esta alegación, resulta pertinente mencionar que el señor Mercado solicitó la recusación del juez que presidió este proceso. Este denegó la solicitud y la refirió a la jueza administradora de la Región Judicial de Aibonito, quien emitió su *Resolución* el 11 de diciembre de 2025, y denegó la solicitud de inhibición del juez sentenciador. Ello provocó la presentación por parte del señor Mercado de otro recurso de *certiorari* (núm. TA2025CE00904). La expedición de ese recurso fue denegada mediante nuestra *Resolución* final del 16 de diciembre de 2025.

de la Oficina del Procurador General, presentó su oposición a la expedición del recurso.

II

Evaluados los sendos escritos de las partes comparecientes, así como los autos originales y la transcripción de la prueba oral de la vista de impugnación del Informe Pre-Sentencia y la sentencia dictada por el tribunal, resolvemos que la parte peticionaria, señor Ramón A. Mercado Camacho, no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, resolvemos **denegar la expedición del auto de *certiorari***.

Se ordena a la Secretaría de este Tribunal la devolución de los autos originales a la Secretaría de la Región Judicial de Aibonito.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones